**Jamal SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–91–00105–CR.**

Court of Appeals of Texas, El Paso.

March 18, 1992.

David C. Guaderrama, El Paso County Public Defender, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, for the State.

Before OSBORNE, C.J., and WOODARD and KOEHLER, JJ.

OPINION

KOEHLER, Justice.

This is an appeal from a conviction for the offense of theft of the value over $750 but less than $20,000. The jury assessed punishment at ten years' probation. We reverse and remand.

In Point of Error No. One, the Appellant asserts the court erred in overruling the Appellant's motion to suppress the confession in that the confession was obtained in violation of the Appellant's right to counsel under the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Texas Constitution. A brief recitation of the facts is necessary.

In the early morning hours of February 4, 1990, Officer Richard Fischell of the El Paso Police Department observed a red Camaro vehicle going through a parking lot. As the officer scrutinized the vehicle, it sped off. Fischell pursued the vehicle until it ran off of the road. Three suspects exited the vehicle and fled. The vehicle was reported as being stolen. The Appellant was eventually caught and arrested. That same day, the Appellant was charged

with the offense of unauthorized use of a vehicle by way of a complaint affidavit made out by Officer Fischell. Apparently, the Appellant was taken before a magistrate who read the Appellant his rights. The record is silent with regard to what else, if anything, occurred at this proceeding.

Isela Del Toro testified that on February 5, 1990, she worked for Court Administration, Council of Judges. More specifically, she stated she worked for the General Assistance Office as an employee of the county. On that day, it was her turn to interview indigents in the jail with regard to the appointment of attorneys. Upon receipt of a request for an attorney, she would take the request to the District Court Administration where an attorney would be appointed on the same day. On February 5, 1990, she interviewed the Appellant. He indicated he was indigent and requested an appointed attorney. He signed an affidavit attesting to his indigent status.

The State utilized the testimony of William H. Wyley, a detective with the El Paso Police Department. On February 8, 1990, Wyley went to the jail to interview the Appellant with regard to an outstanding warrant for a theft.[1] Wyley had the Appellant brought down to talk with him. Wyley told the Appellant that he did not have to talk with him if he did not want to. Wyley did not read the Appellant his rights but told him that the rights that had been previously been read to him still applied. Wyley did not ask the Appellant if he had an attorney and the Appellant did not request one. The detective informed the Appellant that a codefendant had given a written statement with regard to the offense. The Appellant then said he wanted to talk to Wyley. The Appellant was then transported to the police station. Wyley stated that the appropriate warnings were given to the Appellant prior to and during the confession.

The Appellant testified at the motion to suppress the confession. The Appellant related that when Wyley first contacted him, he told Wyley that he did not have anything to say to him but that Wyley kept on talking to him. The Appellant did not request an attorney at that time.

 The right to counsel under the Sixth Amendment attaches only upon or after formal initiation of judicial proceedings. *McCambridge v. State*, 712 S.W.2d 499, 502 (Tex.Crim.App.1986). This adversary judicial proceeding can be initiated by way of formal charge, preliminary hearing, indictment, information or arraignment. *Forte v. State*, 707 S.W.2d 89, 92 n. 4 (Tex.Crim.App.1986). If police initiate interrogation after a defendant's assertion at an arraignment or similar proceeding of his right to counsel, any waiver of the accused's right to counsel for that police-initiated interrogation is invalid. *Michigan v. Jackson*, 475 U.S. 625, 634, 106 S.Ct. 1404, 1410, 89 L.Ed.2d 631, 641 (1986). Furthermore, with regard to the law enforcement personnel's knowledge of the defendant's invocation of his right to counsel the Court in *Jackson* stated:

> Sixth Amendment principles require that we impute the State's knowledge from one state actor to another. For the Sixth Amendment concerns the confrontation between the State and the individual [footnote omitted]. One set of state actors (the police) may not claim ignorance of defendants' unequivocal request for counsel to another state actor (the court).

 It is clear in the present case that the Appellant was formally charged with an offense. He requested an attorney from a court actor prior to the police-initiated interrogation. As such, the confession must be suppressed. Point of Error No. One is granted.

In light of the foregoing discussion we find it unnecessary to respond to Points of Error Nos. Two and Three.

---

1. It is not clear from the record what relationship this outstanding warrant had with the charge levied against the Appellant the day before. However, it is clear from the Appellant's confession that he was interrogated with regard to that charge and he admitted to stealing the vehicle alleged in that charge.

The judgment of the trial court is reversed and the cause is remanded for new trial.

WOODARD, J., not participating.